UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROSEMARY WILLIAMS                                      CIVIL ACTION NO.

VERSUS

LSU RETIREMENT                                         22-CV-0008-SDD-EWD

**NOTICE AND ORDER**

Before the Court is the form Complaint, filed by Rosemary Williams ("Williams"), who is representing herself and is seeking to proceed *in forma pauperis*.[1] In response to the form Complaint's directive to "state the grounds for filing this case in federal court," the Complaint vaguely alleges: "Hardships being economically disadvantaged, needs a new start and ways of living and having to survive."[2] Likewise, in the response to the form's instruction to "State as briefly as possible the facts of your case," the Complaint vaguely alleges: "Social workers, Hospital, visits, Doctors, and Family members and friends, [names of individuals]."[3]

*Subject Matter Jurisdiction*

Williams is required to explain the grounds for filing in federal court because, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[4] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[5] The burden of establishing federal

---

[1] R. Doc. 2. Williams' application to proceed *in forma pauperis* is pending.
[2] R. Doc. 1, p. 1.
[3] R. Doc. 1, p. 1.
[4] 28 U.S.C. § 1331.
[5] 28 U.S.C. § 1332.

subject matter jurisdiction is on the party asserting it (here, Williams because she filed her Complaint in this Court).[6] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[7]

Williams has not alleged jurisdiction based upon diversity of citizenship, and it appears unlikely that she will be able to do so.[8] Williams has also not alleged jurisdiction based upon a federal question because she has not alleged any cause of action, much less a cause of action under federal law. The only information that Williams has provided appears to reflect her status as enduring "hardships" and being "economically disadvantaged." To establish federal question jurisdiction, Williams must identify the federal law under which she brings her claim, or at least explain the facts that she believes support a federal claim, including an explanation of against whom she is making a claim, and why. This does not require any legal training or experience. It simply requires Williams to explain more thoroughly who she believes caused her harm and what she believes they did to cause that harm.

Williams is instructed that, while a *pro se* plaintiff's pleadings are liberally construed,[9] even plaintiffs who are representing themselves are required to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing regarding the form and content of federal pleadings.[10]

---

[6] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[7] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[8] From the allegations of the Complaint, both Plaintiff and Defendant "LSU Retirement," to the extent it refers to Louisiana State University, are Louisiana citizens. Additionally, it is not clear that Plaintiff's claim will reach the jurisdictional minimum of $75,000, exclusive of interest and costs.

[9] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

[10] *See* Fed. R. Civ. P. 8, 10-11, which are available online and likely at public libraries, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website.

Considering Williams' *pro se* status, she will be given thirty days, **until February 7, 2022**, to file an amended Complaint that adequately explains a basis for the Court's subject matter jurisdiction. Alternatively, instead of filing an amended Complaint, Williams may voluntarily dismiss her Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should simply state that she desires to voluntarily dismiss her Complaint, and which would result in the dismissal of Williams' Complaint without prejudice. Williams could then seek to pursue her claims in another venue, including the Louisiana state courts of general jurisdiction.[11]

A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[12] This case will be allowed to proceed if jurisdiction is adequately established. Williams' failure to adequately establish subject matter jurisdiction is grounds for dismissal.

Accordingly:

**IT IS ORDERED** that, **by no later than February 7, 2022**, Plaintiff Rosemary Williams shall file a comprehensive amended complaint, that explains the basis for this Court's subject matter jurisdiction. Alternatively, instead of filing an amended Complaint, Williams may voluntarily dismiss her Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should state that she desires to voluntarily dismiss her Complaint, and which would result in the dismissal of Williams' Complaint without prejudice.

**IT IS FURTHER ORDERED** that if Williams files an amended Complaint, it shall comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing, specifically including her signature.

---

[11] This is not a determination that Plaintiff has a colorable claim or that she would necessarily be permitted to bring this claim in another court.

[12] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005). *See Cephus v. Texas Health & Hum. Servs. Comm'n,* 146 F. Supp. 3d 818, 825 (S.D. Tex. Nov. 19, 2015) ("A court may *sua sponte* raise a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction at any time. *Westland Oil Development Corp. v. Summit Transp. Co.*, 481 F.Supp. 15 (S.D. Tex. 1979), *aff'd*, 614 F.2d 768 (1980). Fed. Rule of Civil Procedure 12(h)(3) states, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' *See Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 545 (5th Cir.1990) ('[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention.')….").

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Rosemary Williams via certified mail, return receipt requested at her address listed on PACER.

**Failure to timely respond as ordered may result in a recommendation of dismissal of the claims of Rosemary Williams in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on January 7, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**