UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROSEMARY WILLIAMS                             CIVIL ACTION NO.

VERSUS

                                              22-8-SDD-EWD

LSU RETIREMENT

## NOTICE AND ORDER

Before the Court are multiple handwritten letters,[1] filed by Rosemary Williams ("Williams"), who is representing herself and is seeking to proceed *in forma pauperis*.[2] There are several problems with these filings.

The Court's January 7, 2022 Order, which Williams appears to have received,[3] ordered Williams to file an amended Complaint explaining a basis for the Court's subject matter jurisdiction. In this case it only appears that subject matter jurisdiction may exist if Williams can assert a cause of action under federal law because the purported Defendant, LSU Retirement ("LSU") and/or potentially "LASERS,"[4] would have the same citizenship as Williams (Louisiana). In Williams' January 20, 2022 letter, she referenced filing a "list of hardships" by the amendment deadline of February 7, 2022.[5] She then filed her "Hardship Complaints" letter the next day.[6] The reference to the deadline suggests that Williams' hardship complaint letter may be her amended Complaint. If so, the document fails to comply with the Court's January 7, 2022 order and will not be considered as an amended Complaint because it still does not explain the basis for the Court's jurisdiction.

Generally, to establish federal question jurisdiction Williams must tell the Court facts supporting a claim against LSU that comes from a federal law. Williams must identify the federal

---

[1] R. Doc. 5-7.
[2] R. Doc. 2. Williams' application to proceed *in forma pauperis* has not been ruled on because she has not established that this Court has subject matter jurisdiction as detailed in the January 7, 2022 Notice and Order. She has until February 7, 2022 to file an amended Complaint. R. Doc. 4.
[3] R. Docs. 3-4.
[4] R. Doc. 1, p. 1.
[5] R. Doc. 6.
[6] R. Doc. 7.

Williams - Certified Mail Receipt : 7020 0640 0001 4750 5241

law under which she brings her claim, or at least explain the facts that she believes support a federal claim, including an explanation of against whom she is making a claim, and why. None of Williams' filings explain why she thinks she has a claim against LSU or how LSU allegedly caused her harm. If Williams did not intend to sue LSU, as suggested by the "P.S." in her January 20, 2022 letter referencing that the defendant should be her brother Jackie Robinson,[7] then she must specifically name Robinson as a defendant in a properly-formatted amended Complaint and explain the facts supporting why she is suing Robinson, how he allegedly caused her harm, and state the law under which she brings her claims against him. She must also tell the Court Robinson's citizenship.[8]

The Court's prior Order explained that plaintiffs who are representing themselves are required to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing regarding the form and content of federal pleadings.[9] Williams' handwritten letters directed to a judge of this Court are improper communications with the Court. These letters are also not an appropriate way to ask for relief because they do not comply with the Rules that apply to filing motions or pleadings, which require a certain format for Court filings. If Williams continues to submit letters to the Court that do not meet filing requirements, those letters may be stricken from the record without further notice which means that the information contained in the letters will not be considered in Williams' case.

Furthermore, two of the letters seek for the Court to provide Williams with a car, a cell phone, shelter, furniture, and assistance with her Social Security benefits, *etc.*[10] While the Court is

---

[7] R. Doc. 6, p. 1 ("P.S." referencing addition of "Jackie Robinson" who "will be" defendant) and *see* R. Doc. 1, p. 1 (notation of "Jessie Robinson" under case caption but not listed as a named defendant).
[8] The citizenship of an individual is determined by his/her domicile. *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."). *See also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 798 (5th Cir. 2007) ("Domicile requires the demonstration of two factors: residence and the intention to remain.").
[9] *See* Fed. R. Civ. P. 8, 10-11, which are available online and likely at public libraries, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website.
[10] R. Docs. 5-6.

sympathetic to Williams' circumstances, it does not have the ability to give Williams this type of help.[11]

At this time, the only document Williams will be permitted to file is a properly formatted amended Complaint ( and she can use the same form previously used), with the additional information she has been ordered to provide, or a Notice of Voluntary Dismissal. Williams must file one of these documents by no later than February 7, 2022.

Accordingly:

**IT IS ORDERED** that, **by no later than February 7, 2022**, Plaintiff Rosemary Williams must file either an amended *Complaint,* that explains the basis for this Court's subject matter jurisdiction and explains all her claims, or a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A). A Notice of Voluntary Dismissal simply needs to say that Williams wants to voluntarily dismiss her Complaint in this Court, which would result in the dismissal of Williams' Complaint here without prejudice.

**IT IS FURTHER ORDERED** that if Williams files an amended Complaint, it must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing.

**IT IS FURTHER ORDERED** that Williams must stop sending letters directed to the judges of this Court and/or that seek improper relief from the Court and/or that are not compliant with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. Any future letters may be stricken from the record without prior notice. At this time, the only document Williams may file is either an amended Complaint, or a Notice of Voluntary Dismissal, as explained above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Rosemary Williams via regular mail and certified mail, return receipt requested at her address listed on PACER.

---

[11] Williams may seek this type of assistance from community-outreach programs in the area.

**Failure to timely respond as ordered may result in dismissal of Rosemary Williams' claims in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on January 27, 2022.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**