## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ROSEMARY WILLIAMS**                                       **CIVIL ACTION NO.**

**VERSUS**

                                                                        **22-8-SDD-EWD**

**LSU RETIREMENT**

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 24, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

ROSEMARY WILLIAMS                    CIVIL ACTION NO.

VERSUS

                                     22-8-SDD-EWD

LSU RETIREMENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Before the Court is the Complaint and Amended Hardship Complaint,[1] filed by Plaintiff Rosemary Williams ("Williams"), who is representing herself. Because Williams has not established a basis for federal subject matter jurisdiction, it is recommended that her suit be dismissed without prejudice on the Court's own motion. Williams' Motion to Proceed In Forma Pauperis will be denied as moot, without prejudice to reurging if the recommendation of dismissal is not adopted.[2]

### I.    BACKGROUND

Plaintiff filed a Complaint on a form document against "LSU Retirement" ("LSU") and possibly, Jessie Robinson, on January 6, 2022.[3] In response to the form Complaint's directive to "state the grounds for filing this case in federal court," the Complaint vaguely alleges the following: "Hardships being economically disadvantaged, needs a new start and ways of living and having to survive."[4] Likewise, in the response to the form's instruction to "State as briefly as possible the facts of your case," the Complaint vaguely alleges: "Social workers, Hospital, visits, Doctors, and Family members and friends, [names of individuals]."[5] The Complaint made no

---

[1] R. Docs. 1 and 10.
[2] R. Doc. 2. Williams' application to proceed *in forma pauperis* was not granted because it was not clear that the Court had subject matter jurisdiction.
[3] R. Doc. 1, p. 1. The Complaint also states "Defendant, LSU Campus lives at, or its business is located at Lasers…."
[4] R. Doc. 1, p. 1.
[5] R. Doc. 1, p. 1.

reference to the basis for subject matter jurisdiction, and the facts alleged failed to indicate that either diversity jurisdiction under 28 U.S.C. § 1332,[6] or federal question jurisdiction under 28 U.S.C. § 1331, existed.  Accordingly, the Court issued an Order, explaining subject matter jurisdiction to Williams and ordering her to file a comprehensive amended Complaint, adequately alleging a basis for the Court's subject matter jurisdiction.  The Order also instructed Williams to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing regarding the form and content of federal pleadings.[7]

In response, Williams filed three procedurally-deficient handwritten letters, two of which are dated January 20, 2022, and the third of which is entitled "Hardship Complaint" and dated January 21, 2022.[8] Both of the January 20, 2022 letters sought for the Court to provide Williams with things the Court has no ability to provide, *i.e.*, a two-bedroom home, furniture, $2,500, a rental car, a cell phone, and assistance with her Social Security benefits, as well as for Williams' brother, Jackie Robinson, to be named as a defendant.[9]  The January 21, 2022 "Hardship Complaint" letter sets forth details regarding Williams' past and personal hardships, including her health and disability status, as well as disputes with her siblings.[10]  However, the letters failed to allege a basis for the Court's subject matter jurisdiction and were not properly formatted amended Complaints.  Therefore, on January 27, 2022, the Court issued another Order, again explaining federal question subject matter jurisdiction and the requirement that Williams follow the Federal

---

[6] From the allegations of the Complaint (R. Doc. 1) and the Amended Hardship Complaint (R. Doc. 10), both Williams and Defendant "LSU Retirement," to the extent that refers to Louisiana State University, and/or "Lasers," *i.e.*, LASERS, the Louisiana State Employees' Retirement System, would appear to be Louisiana citizens.
[7] R. Doc. 3.  The U.S. Postal Service return on certified mail indicates that Williams received the Order. R. Doc. 4.
[8] R. Docs. 5-7.
[9] R. Docs. 5-6.
[10] R. Doc. 7.

and Local Rules of this Court; again explaining the deficiencies in her filed letters;[11] and again ordering her to file a procedurally proper amended Complaint that adequately alleged a federal law under which she intended to assert a claim against LSU and/or to at least explain the facts that she believed supported a federal claim against LSU. Plaintiff was also ordered to state Jackie Robinson's citizenship and explain the facts supporting her claim against him.[12]

In response, Williams filed her February 10, 2022 "Amended Hardship Complaint," in which she alleged: "My Brother Jackie Robinson didn't go over his father preparation on decision for his retirement," and further alleged that Williams will name Jackie Robinson as a defendant if she has to in order to proceed, along with other assertions regarding her illegitimate birth, etc.[13] However, the Amended Hardship Complaint also failed to allege a basis for the Court's subject matter jurisdiction.

## II.   LAW AND ANALYSIS

### A.  Plaintiff Has Not Established That This Court Has Subject Matter Jurisdiction

As explained to Plaintiff in the Court's briefing orders, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only hear cases over which there is federal subject matter jurisdiction.  Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[14]  This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs

---

[11] Plaintiff was ordered to cease sending *ex parte* communications to the undersigned. R. Doc. 8, pp. 2-3.
[12] R. Doc. 8, p. 2.
[13] R. Doc. 10.  Plaintiff's Amended Hardship Complaint is untimely, as it was due on February 7, 2022, but it is dated February 10, 2022 and was received by the Clerk of Court on February 14, 2022.
[14] 28 U.S.C. § 1331.

are citizens of a different state than all defendants).[15] The burden of establishing federal subject matter jurisdiction is on the party asserting it, here, Williams, and Williams was warned that her failure to allege a basis for subject matter jurisdiction would result in dismissal of her suit.[16] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[17]

In this case, it does not appear that diversity subject matter jurisdiction exists because LSU and/or LASERS[18] would have the same citizenship as Williams (Louisiana), even if Williams' brothers, Jackie and Jessie Robinson, whom it appears she intends to also name as defendants, are not Louisiana citizens, which is unknown. Williams has also not alleged an amount in controversy of more than $75,000, exclusive of interest and costs.[19] She has also not alleged jurisdiction based upon a federal question because she has not alleged any cause of action, much less a cause of action under federal law. The only information that Plaintiff has provided involves her history, family background, alleged "hardships," being "economically disadvantaged," and disputes with her siblings.[20] While sympathetic to Williams' current situation and prior hardships, these allegations fail to state a claim arising under federal law.

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[21] "A district court can dismiss an action *sua sponte* for lack of

---

[15] 28 U.S.C. § 1332.

[16] *See* R. Doc. 3, pp. 3-4 and R. Doc. 8, p. 4. *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[17] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[18] R. Doc. 1, p. 1 and *see* R. Doc. 10, p. 1 referencing LSU Retirement and LASER officials.

[19] Williams filed a letter, dated May 13, 2022, requesting $75,000 from "the State of LSU Systems …." R. Doc. 11. Even assuming this were a proper amendment to her Complaint and sufficient to establish the required amount in controversy, Williams has still failed to establish diversity jurisdiction because she has not adequately alleged the citizenship of the parties in the suit.

[20] *See* R. Doc. 10, which, when liberally construed, seems to suggest that Plaintiff did not get to partake in the retirement proceeds of her brother, Jackie Robinson's, father.

[21] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[22] Even construing Williams' Complaint and procedurally-deficient responses to the briefing order liberally,[23] she has not met her burden of establishing that this Court has federal subject matter jurisdiction, despite the opportunity to do so, with specific instructions. Accordingly, this case should be dismissed without prejudice.

**B. Leave to Amend is Not Warranted Because Further Amendments Would Be Futile**

Leave to amend is not warranted in this case. Williams was given two opportunities to amend and has not requested any additional leave to amend. Even after amendment, Williams has failed to raise a cause of action under federal law, or to establish diversity jurisdiction, and therefore, further amendments would be futile.[24]

**III. RECOMMENDATION AND ORDERS**

As federal subject matter jurisdiction has not been established,

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**. Leave to amend is not warranted because Plaintiff Rosemary Williams has had an opportunity to amend

---

(1994)). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[22] *Dickens v. TASB Risk Management*, No. 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018). *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction."), citing Fed. R. Civ. P. 12(h)(3).

[23] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

[24] *See, e.g., Payton v. Bizal,* No. 20-1780, 2021 WL 430688, at *3 (E.D. La. Feb. 8, 2021) (denying leave to *pro se* Plaintiff to make for further amendments in part because the proposed amendments would not cure the noted jurisdictional defects).

her Complaint to establish federal subject matter jurisdiction and has not done so on the facts alleged. Further amendments would be futile.

**IT IS ORDERED** that the Motion to Proceed In Forma Pauperis,[25] filed by Plaintiff Rosemary Williams, is **DENIED** in light of the recommendation of dismissal.  The denial is without prejudice to reurging a Motion to Proceed In Forma Pauperis if the recommendation that the case be dismissed is not adopted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Rosemary Williams via certified mail, return receipt requested at her address listed on PACER.

Signed in Baton Rouge, Louisiana, on May 24, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] R. Doc. 2.